**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WILEY Y. DANIEL**

| | | | |
|---|---|---|---|
| Date: | March 26, 2013 | Probation: | Gary Kruck |
| Courtroom Deputy: | Robert R. Keech | Interpreter: | N/A |
| E.C.R./Reporter: | Tammy Hoffschildt | | |

Criminal Case No:  **08-cr-00165-WYD**            Counsel:

UNITED STATES OF AMERICA,                         Joseph Mackey

      Plaintiff,

v.

**2.  KENNETH LOUIS MCGEE**,                      Boston H. Stanton, Jr.

      Defendant.

**SENTENCING**

**11:15 a.m.**     Court in Session - Defendant present (in-custody)

> **Change of Plea Hearing - Monday, June 21, 2010, at 4:00 p.m.
> Plea of Guilty - count 3 of Indictment**

    APPEARANCES OF COUNSEL.

    Court's opening remarks.

11:16 a.m.     Statement on behalf of Defendant (Mr. Stanton).

11:18 a.m.     Statement on behalf of Government (Mr. Mackey).

11:20 a.m.     Statement on behalf of Probation (Mr. Kruck).

11:21 a.m.     Statement on behalf of Defendant (Mr. Stanton).

| | |
|---|---|
| 11:24 a.m. | Statement on behalf of Probation (Mr. Kruck). |
| 11:25 a.m. | Statement on behalf of Defendant (Mr. Stanton). |
| 11:28 a.m. | Statement on behalf of Government (Mr. Mackey). |
| 11:29 a.m. | Statement on behalf of Defendant (Mr. Stanton). |
| 11:31 a.m. | Statement on behalf of Probation (Mr. Kruck). |
| 11:31 a.m. | Statement on behalf of Government (Mr. Mackey). |
| 11:33 a.m. | Statement on behalf of Probation (Mr. Kruck). |
| 11:33 a.m. | Statement on behalf of Defendant (Mr. Stanton). |
| 11:38 a.m. | Statement on behalf of Probation (Mr. Kruck). |
| 11:38 a.m. | Statement on behalf of Government (Mr. Mackey). |
| 11:39 a.m. | Statement by Defendant on his own behalf (Mr. McGee). |
| | Court makes findings. |

**ORDERED:** United States' Amended § 5K1.1 Motion for Substantial Assistance and Downward Departure [ECF Doc. No. 383], filed March 11, 2013, is **GRANTED.**

**ORDERED:** Defendant be **imprisoned** for **TIME SERVED.**

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **5** years.

**ORDERED:** **Conditions** of **Supervised Release** are:

- (X) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.

- (X) Defendant shall not commit another federal, state or local crime.

- (X) Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

- (X) Defendant shall comply with standard conditions adopted by the Court.

    (X)        Defendant shall not unlawfully possess a controlled substance.

    (X)        The Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and two periodic drug tests thereafter for use of a controlled substance.

    (X)        The defendant shall cooperate in the collection of D.N.A. as directed by the probation officer.  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

**ORDERED:**    **Special Condition(s)** of **Supervised Release** are:

    (X)        The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

    (X)        As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

    (X)        The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

    (X)        The defendant shall not ingest alcohol throughout his period of supervision.

    (X)        Unless medically contraindicated, the defendant shall ingest a monitored substance abuse prevention medication, as directed by the treatment provider.  The defendant may be required to pay the cost of medication as directed by the probation officer.

|     |     |
| --- | --- |
| (X) | The defendant shall submit his or her person, property, house, residence, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer.  Failure to submit to search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner. |
| **ORDERED:** | Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment) to be paid immediately. |
| **ORDERED:** | **No fine** is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision. |
| **ORDERED:** | Defendant to make **restitution** as follows:<br>**$83,524.00 to be disbursed to the following victim:** |

| Victims | Amount |
| --- | --- |
| Washington Mutual, Incorporated<br>Attn: Restitution Account<br>6160 East Colfax Avenue, Number 3<br>Denver, Colorado 80220 | $83,524.00 |

Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release.  The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly wages.  ***The Court finds that the defendant does not have the ability to pay a fine and will waive the fine in this case.***

**ORDERED:**  Pursuant to Rule 32.2 of the Federal rules of Criminal Procedure, the defendant shall forfeit his interest in the following property to the United States: Cadillac.

**ORDERED:**  Defendant advised of right to appeal the sentence imposed by the Court.  Any notice of appeal must be filed within fourteen (14) days.  Defendant advised of right to appeal in forma pauperis.

**ORDERED:**  United States' Motion to Dismiss Counts Four, Five, and Six of the Indictment [ECF Doc. No. 361], filed January 11, 2011, is **GRANTED.**

      Order is **APPROVED BY THE COURT.**

**ORDERED:**  Defendant is **REMANDED** to the custody of the U.S. Marshal.

**11:55 a.m.**  Court in Recess - HEARING CONCLUDED.

**TOTAL TIME:  :40**